# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDICINE TO GO PHARMACIES, INC., on behalf of plaintiff and the class members defined herein,<br><br>                                        Plaintiff,<br><br>                  *vs.*<br><br>MACOVEN PHARMACEUTICALS, LLC, PERNIX THERAPEUTICS HOLDINGS, INC. and JOHN DOES 1-10,<br>                  Defendants/Third-Party Plaintiffs,<br><br>                  *vs.*<br><br>ODYSSEY SERVICES, INC.,<br>                  Third-Party Defendant. | Case No.: 2:16-cv-07717-MF<br><br><u>**SETTLEMENT AGREEMENT**</u> |

### RECITALS AND DEFINITIONS

1.    <u>Parties</u>.  Defendant, Macoven Pharmaceuticals LLC ("Macoven") a wholly-owned subsidiary of Defendant, Pernix Holdings, Inc. ("Pernix"), Third-Party Defendant Odyssey Services, Inc. ("Odyssey"), and Plaintiff Medicine To Go Pharmacies, Inc. ("Plaintiff") individually and as representative of the settlement class of persons defined below in paragraph 5 (the "Settlement Class"), enter into this Settlement Agreement ("Agreement" or "Settlement"). Plaintiff, Defendants, and Third-Party Defendant are collectively referred to as the Parties.

2.    <u>Nature of Litigation</u>.  In this lawsuit, captioned *Medicine To Go Pharmacies, Inc. v. Macoven Pharmaceuticals LLC, et. al.,* United States District Court, District of New Jersey, No.: 2:16-cv-07717-MF, (the "Litigation"), Plaintiff alleges Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), *et seq*. by sending unsolicited advertisements via facsimile to Plaintiff and a nationwide class of individuals and entities.

Defendants filed a Third-Party Complaint against Odyssey seeking indemnification from Odyssey relating to a facsimile advertising campaign conducted on December 3, 2013 and Odyssey asserted counterclaims against Pernix arising from its agreement with Odyssey which was the subject of the Litigation.

3.      Denial of Liability.  Defendants and Third-Party Defendant deny violating the TCPA and further deny any liability to Plaintiff and the Settlement Class for the claims alleged. Defendants and Third-Party Defendant desire to settle the claims solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, asserted or unasserted, actual or contingent, that have been or might have been asserted by the Plaintiff or the Settlement Class against them concerning the matters alleged in the Complaint in the Litigation.

4.      "Class Counsel" means Stern•Thomasson LLP and Edelman, Combs, Latturner & Goodwin, LLC.

5.      "Settlement Class" means all persons to whom Macoven Pharmaceuticals, LLC or Pernix Therapeutics Holdings, Inc. sent a facsimile promoting their goods or services for sale between October 23, 2012, and October 23, 2016, without the recipient's consent or which did not contain an opt-out notice as described in 47 U.S.C. §227.

6.      "Settlement Fund" means to sum of $1,200,000.00 funded by Defendants and Third-Party Defendant to resolve this matter consisting of $1,187,500.00 from Defendants and $12,500.00 from Third-Party Defendant.

7.      "Net Settlement Fund" means the funds remaining in the Settlement Fund for distribution to Class Members following payment of Class Counsel's fees and expenses and Plaintiff's incentive award, as granted by the Court, and the costs of notice and administration.

8.      "<u>Plaintiff</u>" means Medicine To Go Pharmacies, Inc. and its heirs, successors, or assigns, or any person acting on its behalf, for its benefit, or any person claiming through it.

9.      "<u>Released Pernix Parties</u>" means Defendants Macoven and Pernix and each of its and their respective parents, subsidiaries, affiliates, and any of its or their predecessors and successors in interest, insurers and any of its or their past, current and future owners, officers, directors, shareholders, partners, members, employees, affiliates, and agents (each solely in its or their respective capacity as such). The Parties expressly agree that all of these persons and entities that are not signatories to this Agreement are intended third-party beneficiaries of this Agreement.

10.      "<u>Released Odyssey Parties</u>" means Third-Party Defendant Odyssey and each of its respective parents, subsidiaries, affiliates, and any of its predecessors and successors in interest, insurers and any of its past, current, and future owners, officers, directors, shareholders, partners, members, employees, affiliates, and agents (each solely in their respective capacity as such). The Parties expressly agree that all of these persons and entities that are not signatories to this Agreement are intended third-party beneficiaries of this Agreement.

11.      "<u>Administrator</u>" means, subject to the Court's approval, Heffler Claims Group, the firm retained by Plaintiff with the consent of Defendants to issue notice to Class Members and administer the Settlement.

12.      "<u>Class Member(s)</u>" means Plaintiff and any member of the Settlement Class who is not excluded from the Settlement Class by the Court.

13.      "<u>Released Pernix Claims</u>" means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, actual or contingent, asserted or unasserted, at this time or at the time the claims asserted in the Litigation arose, which Plaintiff or any other Class Members now have, did have, or may have against the Released Pernix Parties, arising

under the TCPA, whether or not alleged, and any similar legal theory related to or arising from the receipt of advertisements by facsimile.

14.    "Released Odyssey Claims" means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, actual or contingent, asserted or unasserted, at this time or at the time the claims asserted in the Litigation arose, which Plaintiff or any other Class Members now have, did have, or may have against the Released Odyssey Parties, arising under any legal theory, whether or not alleged, and any similar legal theory related to or arising from the receipt of advertisements by facsimile which Odyssey transmitted on December 3, 2013 on behalf of Defendants.

15.    Plaintiff's Desire to Settle.  Plaintiff, individually and on behalf of the Settlement Class (as defined below), desires to settle its claims against Defendants as well as its and their claims, whether known or unknown, asserted or unasserted, against Third-Party Defendant based on Odyssey's transmittal of the Macoven facsimile on December 3, 2013, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that further litigation will be protracted and expensive. Plaintiff represents and warrants that it owned or leased the facsimile machine which received the faxes at issue in the Litigation at the time the faxes were received. The warranties and representations made in this Agreement survive the execution of this Agreement.

16.    Investigation.  Plaintiff's counsel have investigated the facts and the applicable law. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

-4-

17.　　Agreement.  In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, Defendants, and Third-Party Defendant agree to settle the claims of the Plaintiff and the Settlement Class, the Released Pernix Claims, and the Released Odyssey Claims, subject to the Court's approval, on the following terms and conditions.

## TERMS

18.　　Incorporation of Recitals and Definitions.  The recitals and definitions set forth above are incorporated into this Agreement.

19.　　Effective Date.  This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events:

a.　　the Court enters a Final Approval Order which: (i) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (ii) finds that this Agreement is fair and made in good faith; and (iii) dismisses with prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and,

b.　　(i) if no objections are filed, the expiration of three business days after the entry of a Final Approval Order by the Court; (ii) if any objections are filed, the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Agreement shall be deemed to be the next business day after such 33rd day); or (iii) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with the terms and conditions of this Agreement.

20.　　Certification of Settlement Class.  Solely for the purposes of settlement, the Parties stipulate to the certification of the Settlement Class. The Parties agree that, subject to the Court's approval, Plaintiff shall be appointed class representative and Stern•Thomasson LLP and Daniel A. Edelman and Julie Clark of Edelman, Combs, Latturner & Goodwin, LLC shall be appointed Class Counsel. The Settlement Class shall be certified pursuant to Rule 23(b)(3) of the

Federal Rules of Civil Procedure. Defendants and Third-Party Defendant do not consent to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation. If this Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendants and Third-Party Defendant reserve all procedural or substantive rights as of the date of execution of this Agreement.

21.    <u>Identification of Class Members</u>.  Discovery revealed, and Defendants and Third-Party Defendant confirmed, that based on a review of the relevant records, and after conducting a reasonable investigation of available information, approximately 18,852 facsimiles were successfully transmitted to 23,202 fax numbers by or on behalf of Defendants, which Plaintiff asserts are unsolicited facsimile advertisements as defined in the TCPA. Defendants shall provide Class Counsel and the Administrator a spreadsheet containing the approximately 23,202 potential fax recipients, including their facsimile numbers and the addresses, if available, associated with each unique fax number based upon their records (the "Fax List").

22.    <u>Relief to Plaintiff and the Settlement Class</u>.  The following relief shall be provided to Plaintiff and the Settlement Class, subject to the Court's approval:

        a.    Defendants and Third-Party Defendant shall create the Settlement Fund within 21 days following the Court's entry of a Preliminary Approval Order, which shall be distributed as set forth below. The entire Settlement

Fund will be paid out and there will be no reverter to Defendants or Third-Party Defendant;

b.     Class Counsel shall request no more than 1/3 of the Settlement Fund for attorney's fees and costs; and

c.     The Settlement Fund shall be applied as follows:

    i.     Such amount of attorneys' fees, costs, and expenses as the Court awards to Class Counsel;

    ii.    $25,000.00, or such amount as the Court awards, to Plaintiff, which includes Plaintiff's recovery as a Class Member and an incentive award in recognition of its services as class representative; and

    iii.   Notice and administration expenses, not to exceed $75,000.00.

d.     The remaining sum (the "Net Settlement Fund") shall be applied as follows:

    i.     Each Class Member who timely submits a valid claim form will receive a check for a *pro rata* distribution of the Net Settlement Fund per unique fax number, in an amount not to exceed $1,500.00; and

    ii.    If there is any money remaining in the Net Settlement Fund following the distribution provided in section (d)(i) above, such funds remaining in the Net Settlement Fund shall be distributed, *pro rata*, to all Class Members who cashed their settlement checks, provided that *pro rata* payment amount exceeds $10 per Class Member; and

    iii.   Any money remaining in the Net Settlement Fund following the distributions in sections (d)(i) and (d)(ii) above will be distributed to a *cy pres* charity, consistent with paragraph XX below.

23.     Any award of attorneys' fees and costs and an incentive award to Plaintiff which are approved by the Court shall be distributed to Class Counsel within fourteen (14) days following the Effective Date. Within thirty (30) days following the Effective Date, the Administrator shall distribute the Net Settlement Fund to all Class Members who timely submitted valid claim forms in accordance with this Agreement. In the event that (a) the Agreement is terminated pursuant to its terms; (b) the Agreement does not become effective; or

(c) the Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then the Administrator shall return within three (3) business days following the event all funds paid or otherwise received from the Settlement Fund (less any reasonable costs incurred by the Administrator or Class Counsel) to Defendants' Counsel, Buchanan, Ingersoll & Rooney PC.

24.     Class Members shall have sixty (60) days to submit a claim form, to opt out, or to object to the proposed settlement, after notice is initially sent in accordance with the Notice Plan in Paragraph 32, below.

25.     The checks issued to the Class Members for payment of claims under this Agreement will be void after 60 days from the date of issuance. Any Class Member who does not deposit or negotiate his, her, or its claim-payment check within 60 days of the date of issuance of the check agrees that such Class Member rescinds and withdraws his, her, or its claim for compensation under this Agreement but remains a member of the Settlement Class and is bound by the terms of this Agreement.

26.     Undistributed Settlement Funds.  Within thirty (30) days after the last void date of all settlement checks issued to Class Members, the Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed amounts remaining in the Net Settlement Fund. If there is any money remaining in the Net Settlement Fund following the initial distribution, such funds remaining in the Net Settlement Fund shall be distributed, *pro rata*, to all Class Members who cashed their settlement checks, provided that *pro rata* payment amount exceeds $10.00 per Class Member.  Any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under this Agreement have been made shall be distributed to one or more *cy pres* charities selected by the Parties, subject to the Court's approval.  The Parties shall identify and submit a memorandum in support of their respective *cy*

*pres* recipient(s) at the time of the final approval of the settlement. In no event shall undistributed settlement funds revert to Defendants or Third-Party Defendant. Any distribution to the court approved *cy pres* recipient(s) shall occur no earlier than forty-five (45) days after expiration of the void dates on all settlement checks issued to Class Members.

27.    Release.  On the Effective Date, Plaintiff and the Class Members who have not opted out or been otherwise excluded from the Settlement Class shall be deemed to have fully and finally released and discharged the Released Pernix Parties and Released Odyssey Parties from any and all liability for the Released Pernix Claims and Released Odyssey Claims.

28.    Release of Third-Party Claims.  Defendants and Third-Party Defendant mutually and reciprocally release all claims as and between them relating to the December 3, 2013 facsimile campaign that is the subject of this Litigation. These mutual releases extend to the Released Pernix Parties and the Released Odyssey Parties.

29.    This Agreement may be pleaded as a full and complete defense by the Released Pernix Parties and Released Odyssey Parties to any action, suit, or other proceeding that may be instituted or prosecuted with respect to the Released Pernix Claims and Released Odyssey Claims. Without admitting that California law or the laws of any other state apply to this Agreement or that the release provided by Plaintiff and the Settlement Class is a general release, the Parties agree that upon the Effective Date, the Settlement Class shall be deemed to have waived and shall have expressly waived the provisions and benefits of California Civil Code §1542, which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his, her or its favor at the time of executing the release, which if known by him, her or it, must have materially affected his, her or its settlement with the debtor. Further, Plaintiff and the Settlement Class expressly waive any and all provisions and rights or

-9-

benefits which may be conferred upon them by any law, statute, ordinance, or regulation which is similar, comparable, or equivalent to California Civil Code §1542.

30.     If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

31.     Attorneys' Fees, Notice Costs, and Related Matters.  The Administrator will administer the Settlement Fund for the benefit of the Settlement Class. Defendants and Third-Party Defendant will tender the Settlement Fund to the Administrator within twenty-one (21) days after entry of the Preliminary Approval Order. The Administrator will pay from the Settlement Fund the reasonable costs of notice and settlement administration, not to exceed $75,000.00. Class Counsel will request approval from the Court for attorneys' fees in an amount not to exceed 1/3 of the Settlement Fund as set forth in Paragraph 6 of this Agreement. Class Counsel will not request additional fees or costs from Defendants, Third-Party Defendant, or the Settlement Class other than the above-referenced sums. Class Counsel, on Defendants' and Third-Party Defendant's consent, shall file a fee petition at the time of their filing a Motion for Final Approval of the Settlement.

32.     Notice.  Within five (5) days of entry of the Preliminary Approval Order, Defendants shall provide the Administrator with the Fax List in Excel format. Within twenty-eight (28) days of entry of the Preliminary Approval Order, the Administrator shall cause the Notice and Claim Form in the form of Exhibit 1 to be sent to the facsimile numbers identified on the Fax List. If the initial transmission fails, the Administrator shall make at least two additional attempts to transmit the facsimile Notice and Claim Form. After a total of three unsuccessful attempts to transmit the Notice and Claim Form by facsimile to a Class Member, the

Administrator shall mail the Notice and Claim Form to the Class Member via first class mail to the address, if any, for the Class Member contained in the Fax List. If the Fax List does not contain an address for the Class Member, the Administrator shall attempt to locate an address for that Class Member. The Administrator shall take reasonable steps to attempt to forward any notices it mails to Class Members which are returned with a forwarding address.

The Administrator shall create a Settlement Website that allows for electronic submission of Claim Forms and shall also post on the Settlement Website the Notice, Claim Form, Preliminary Approval Order, and this Agreement (excluding exhibits). The Administrator shall also establish a toll-free IVR telephone number for receiving Class Member inquiries regarding the Settlement. Class Counsel or the Administrator shall provide to any Class Member who contacts either of them a copy of the Notice and/or Claim Form (Exhibit 1) if requested.

Class Counsel and/or the Administrator shall retain all documents and records generated during the administration of the Settlement, including records of notice given to Class Members, returned mail, records of undelivered mail, Claim Forms, and payment to Class Members for a period of one year following the issuance of the Final Approval Order, and the expiration of all deadlines for appeal therefrom. Defendants and Third-Party Defendant may inspect such documents, upon reasonable request by their counsel. The Fax List and all other documents and records generated during the administration of the Settlement shall be used solely for purposes consistent with notice and administration of this Settlement and for no other purpose.

The Administrator shall serve the required CAFA Notice within ten (10) days after the filing of the Preliminary Approval Motion.  Not less than ten (10) days prior to the Final Approval Hearing, the  Administrator will provide to the Parties a declaration attesting that Notice was disseminated in a manner consistent with the terms of this Agreement, or those otherwise required by the Court.

33.   <u>Exclusion from TCPA Liability.</u> The Court's Preliminary Approval Order will contain a provision affirmatively exempting from TCPA liability the facsimile notice provided for herein, such notice being the best practicable notice under the circumstances as required by Rule 23(e).

34.   <u>Claim Validation.</u>  The Administrator shall match the fax number provided by the Class Member on a returned Claim Form to a fax number on the Fax List. The Administrator shall also determine whether the claim is a duplicate, whether the Claim Form is signed, and examine the Claim Form for completeness and validity. If the fax number does not match, then Class Counsel or the Administrator shall follow-up with the Class Member and inquire if such Class Member employed other fax numbers during the Class Period (to ascertain if any different fax number is a number on the Fax List), in an effort to determine whether the claim is a valid claim.

If the fax number or fax numbers provided on a Claim Form do not match a fax number on the Fax List, and the follow-up with the Class Member has not resolved the issue, the Administrator shall disallow the claim. If a claim is deemed disallowed by the Administrator, the Administrator must communicate that disallowance of the claim to the Class Member and Class Counsel and allow Class Counsel an opportunity to investigate the basis for disallowing the claim. In the event the Parties disagree as to the validity of any Claim Form or whether to disallow a claim, then Class Counsel will present the disputed claim to the Court for resolution.

35.   a.   <u>Settlement Payment(s).</u> Class Members submitting valid Claim Forms shall be paid a *pro rata* share of the Net Settlement Fund in accordance with this Agreement for each unique facsimile number, up to $1,500.00 per Class Member.  If there is any money remaining in the Net Settlement Fund following the initial distribution, such funds remaining in

the Net Settlement Fund will be distributed, *pro rata*, to all Class Members who cashed their settlement checks, provided that *pro rata* amount exceeds $10.00 per Class Member.

       b.     <u>W-9 Collection</u>. There is a possibility Class Members will recover more than $599.99, and such Class Members will be required to submit a W-9 form. The W-9 forms will be issued to Class Members by the Administrator as required within twenty-one (21) days after entry of the Final Approval Order and before any settlement checks are issued. Class Members will have thirty (30) days to respond to a request to complete a W-9 form. If a Class Member does not submit a W-9 form, the Class Member's claim will be limited to $599.99. Class Members may also chose to limit their payment to $599.99 if they do not wish to provide a W-9 form.  If W-9 forms need to be collected, certain dates set forth in Paragraphs 23 and 26 are reset and calculated as follows:

          i.     within thirty (30) days following the expiration of time for Class Members to complete a W-9 form, the Administrator shall distribute the Net Settlement Fund to the Class Members who have submitted valid claims in accordance with paragraph 24;

          ii.     settlement checks to Class Members will be void sixty (60) days from date of issuance;

          iii.     within thirty (30) days following the void date on the Class Members' checks following the initial distribution, if sufficient funds remain in the Net Settlement Fund as set forth in Paragraph 22(d)(ii), the Administrator shall make a second distribution of said funds to all Class Members who have cashed their initial settlement checks; and

          iv.     within thirty (30) days after the void date following the final distribution of settlement checks, any uncashed checks or unclaimed or undistributed funds, the disposition of which will be determined by the Court, will be disbursed.

       36.     <u>Right to Object</u>. Any Class Member may object to this Agreement by mailing his, her, or its objection to the Clerk of the Court and serving copies of the objection on the

-13-

Settlement Administrator within the time period set by the Court. All objections must be in writing and personally signed by the Class Member and include:

  a. the objector's name, address, and telephone number;

  b. a sentence stating that to the best of his/her/its knowledge he/she/it is a member of the Settlement Class;

  c. the name and number of the case: *Medicine to Go Pharmacies, Inc. v. Macoven Pharmaceuticals LLC*, *et al.*, Case No. 2:16-cv-07717-MF;

  d. the factual basis and legal grounds for the objection to the Settlement;

  e. the identity of any witnesses whom the objector may call to testify at the Fairness Hearing; and

  f. copies of any exhibits the objector may seek to offer into evidence at the Fairness Hearing.

The written objection must indicate whether the Class Member and/or his/her/its lawyer(s) intend to appear at the Fairness Hearing. Any lawyer who intends to appear at the Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector.

  37. <u>Right of Exclusion</u>.  All Class Members who properly file a timely written Request for Exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Class Members pursuant to this Agreement. All Requests for Exclusion must be in writing and personally signed by the Class Member and include:

  a. the name, address, and facsimile number(s) of the person or entity seeking exclusion; and

  b. a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation."

The request must be mailed to the Administrator at the address provided in the Notice and postmarked or received by the Administrator no later than the last day of the exclusion/objection deadline set by the Court. Class Members shall have at least sixty (60) days from the date Notice is sent to opt out of the Settlement. Any Class Member who requests exclusion from the Settlement shall not be bound by any prior court order or the terms of the Agreement.

38.     Preliminary Approval.  As soon as practicable after execution of this Agreement, Class Counsel shall file a Motion for Preliminary Approval of this Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of Exhibit 2 or in such other form which is mutually acceptable to the Parties.

39.     Final Approval.  Class Counsel shall file a memorandum in support of final approval of the settlement, which shall include Class Counsel's request for an award of attorneys' fees and costs, at least seven (7) days prior to the date the Court sets for the Final Approval Hearing. The Parties shall request the Court to enter a Final Approval Order substantially in the form of Exhibit 3, or in another form which is mutually acceptable to the Parties. Pursuant to the Class Action Fairness Act, the Final Approval Order shall not be entered until the expiration of at least ninety (90) days from the date the Preliminary Approval Order was entered. Entry of a Final Approval Order substantially in the form of Exhibit 3 or in another form which is mutually acceptable to the Parties is a condition precedent to this Agreement becoming fully effective. In the event a Final Approval Order substantially in the form of Exhibit 3 or in another form which is mutually acceptable to the Parties is not entered then this Agreement shall be null and void and is rescinded and the Preliminary Approval Order and any other orders entered by the Court in connection with the settlement of this Litigation shall be vacated and the Parties shall be returned to the position they were in prior to the execution of this Agreement and this Litigation shall proceed as though this Agreement was never executed.

-15-

40.     The fact that the Court may require non-material changes to documents attached as Exhibits 1 through 3 does not invalidate this Agreement.

41.     Release of Attorneys' Lien.  In consideration of this Agreement, Class Counsel hereby waives, discharges, and releases the Released Pernix Parties and Released Odyssey Parties of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this Litigation, other than the amount awarded by the Court as specified above.

42.     Delivery of Settlement Fund.  Defendants or persons acting on their behalf shall, no less than twenty-one (21) business days after the Court's entry of a Preliminary Approval Order, issue a check or wire in the amount of the Settlement Fund to the Qualified Settlement Fund established and maintained by the Administrator on behalf of the Settlement Class. The Administrator shall hold such funds in trust for the benefit of the Settlement Class and shall not disburse any funds from the Settlement Fund prior to the Effective Date unless in accordance with this Agreement or as ordered by the Court. Once payment is made in accordance with this provision, Defendants and Third-Party Defendant shall have no further payment obligation under this Agreement, and shall have no obligation or duty to monitor, supervise, or control disbursements from the Settlement Fund.

43.     Dismissal Order.  The Final Approval Order shall provide that the Litigation against Defendants and Third-Party Defendant is dismissed with prejudice and further order that the Parties take the actions required to fulfill their obligations under the Agreement. If Defendants and Third-Party Defendant fail or refuse to make the payment, they agree that, at the option of Class Counsel, the Final Approval Order may be vacated pursuant to Fed. R. of Civ. Procedure 60(b), this Agreement shall be rescinded, and the Litigation shall be reinstated as if this Agreement never existed.

-16-

44.   <u>Applicable Law</u>.  This Agreement shall be governed by and interpreted in accordance with the state law of the State of New Jersey without regard to its conflict of laws provisions.

45.   <u>Miscellaneous Provisions</u>.  The Parties and their attorneys agree to cooperate fully with one another in seeking final approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein. Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants or Third-Party Defendant of any liability or wrongdoing whatsoever.

46.   <u>Benefit of this Agreement</u>.  This Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Released Pernix Parties, the Released Odyssey Parties, and Class Members, and each of his, her, its, or their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns. It is expressly understood by the Parties that the individuals or entities of the Released Pernix Parties and Released Odyssey Parties that are not signatories to this Agreement are intended third-party beneficiaries of this Agreement.

47.   <u>Authority</u>.  The Parties hereby represent to one another that they have full power and authority to enter into this Agreement and carry out their obligations hereunder.

48.   <u>Entire Agreement</u>.  Any and all prior understandings and agreements between and among the Parties with respect to the subject matter of this Agreement are merged into and with this Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. This Agreement may be amended, modified, or changed only by a written instrument or instruments executed by duly authorized officers or

other representatives of the Parties expressly amending, modifying, or changing this Agreement and may not be amended, modified, or changed orally.

49.   Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

50.   Headings. The headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions, or the effect of the same.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

Defendant:
. MACOVEN PHARMACEUTICALS, LLC

Plaintiff:
MEDICINE TO GO PHARMACIES, INC.

By: Tom Lacey
Its: President
Dated: October 1◌, 2018

By:
Its:
Dated: October ___, 2018

Defendant:
PERNIX   THERAPEUTICS   HOLDINGS, INC.

By:
Its:
Dated: October ___, 2018

-18-

**Attorneys for Defendants:**
BUCHANAN INGERSOLL & ROONEY, P.C.

_____

Christopher J. Dalton
Craig D. Mills (*Pro Hac Vice*)
550 Broad Street, Suite 810
Newark, New Jersey 07102
Telephone: (973) 273-9800
E-Mail: christopher.dalton@bipc.com
E-Mail: craig.mills@bipc.com
Dated: October ____, 2018

**Third-Party Defendant:**
ODYSSEY SERVICES, INC.

_____

By: _____
Its: _____
Dated: October ____, 2018

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE,
LLP

_____

Joshua D. Sussman
Michael Masri (*Pro Hac Vice*)
190 Willis Avenue
Mineola, New York 11501
Telephone: (516) 747-0300
E-Mail: jsussman@meltzerlippe.com
E-Mail: mmasri@meltzerlippe.com
Dated: October ____, 2018

**Attorneys for Plaintiff:**
STERN•THOMASSON LLP

_____

Philip D. Stern
Andrew T. Thomasson
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: andrew@sternthomasson.com
Dated: October _3_, 2018

EDELMAN, COMBS, LATTURNER & GOODWIN
LLC

_____

Daniel A. Edelman (*Pro Hac Vice*)
Julie Clark (*Pro Hac Vice*)
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
E-Mail: dedelman@edcombs.com
E-Mail: jclark@edcombs.com
Dated: October _10_, 2018

-19-

other representatives of the Parties expressly amending, modifying, or changing this Agreement and may not be amended, modified, or changed orally.

49.  Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

50.  Headings.  The headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions, or the effect of the same.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

**Defendant:**
MACOVEN PHARMACEUTICALS, LLC

By: KENNETH K. PINA
Its: SR. VP + CORPORATE SECRETARY
Dated: October 4, 2018

**Defendant:**
PERNIX  THERAPEUTICS  HOLDINGS, INC.

By: Angus Smith
Its: Sr VP
Dated: October 4, 2018

**Plaintiff:**
MEDICINE TO GO PHARMACIES, INC.

By:
Its:
Dated: October ___, 2018

-18-

**Attorneys for Defendants:**
BUCHANAN INGERSOLL & ROONEY, P.C.

---

Christopher J. Dalton
Craig D. Mills (*Pro Hac Vice*)
550 Broad Street, Suite 810
Newark, New Jersey 07102
Telephone: (973) 273-9800
E-Mail: christopher.dalton@bipc.com
E-Mail: craig.mills@bipc.com
Dated: October 5, 2018

**Third-Party Defendant:**
ODYSSEY SERVICES, INC.

---

By:
Its:
Dated: October ___, 2018

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE,
LLP

---

Joshua D. Sussman
Michael Masri  (*Pro Hac Vice*)
190 Willis Avenue
Mineola, New York 11501
Telephone: (516) 747-0300
E-Mail: jsussman@meltzerlippe.com
E-Mail: mmasri@meltzerlippe.com
Dated: October ___, 2018

**Attorneys for Plaintiff:**
STERN•THOMASSON LLP

---

Philip D. Stern
Andrew T. Thomasson
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: andrew@sternthomasson.com
Dated: October ___, 2018

EDELMAN, COMBS, LATTURNER & GOODWIN
LLC

---

Daniel A. Edelman (*Pro Hac Vice*)
Julie Clark (*Pro Hac Vice*)
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
E-Mail: dedelman@edcombs.com
E-Mail: jclark@edcombs.com
Dated: October ___, 2018

**Attorneys for Defendants:**
BUCHANAN INGERSOLL & ROONEY, P.C.

**Attorneys for Plaintiff:**
STERN•THOMASSON LLP

---

Christopher J. Dalton
Craig D. Mills (*Pro Hac Vice*)
550 Broad Street, Suite 810
Newark, New Jersey 07102
Telephone: (973) 273-9800
E-Mail: christopher.dalton@bipc.com
E-Mail: craig.mills@bipc.com
Dated: October ___, 2018

---

Philip D. Stern
Andrew T. Thomasson
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: andrew@sternthomasson.com
Dated: October ___, 2018

EDELMAN, COMBS, LATTURNER & GOODWIN
LLC

**Third-Party Defendant:**
ODYSSEY SERVICES, INC.

By: ARNAUD LEJEUNE
Its: CEO
Dated: October 4, 2018

---

Daniel A. Edelman (*Pro Hac Vice*)
Julie Clark (*Pro Hac Vice*)
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
E-Mail: dedelman@edcombs.com
E-Mail: jclark@edcombs.com
Dated: October ___, 2018

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE,
LLP

Joshua D. Sussman
Michael Masri (*Pro Hac Vice*)
190 Willis Avenue
Mineola, New York 11501
Telephone: (516) 747-0300
E-Mail: jsussman@meltzerlippe.com
E-Mail: mmasri@meltzerlippe.com
Dated: October 4, 2018

# EXHIBIT "1"

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you received an Unsolicited Advertising Fax from Macoven Pharmaceuticals, LLC and/or Pernix Holdings, Inc., you may receive money from a Settlement**

**A FEDERAL COURT HAS AUTHORIZED THIS NOTICE.  PLEASE READ THIS NOTICE CAREFULLY.**

**The lawsuit claims that** Macoven Pharmaceuticals LLC ("Macoven") and Pernix Holdings, Inc. ("Pernix") ("Defendants") sent unsolicited fax advertisements promoting Defendants' pharmaceuticals without a proper opt-out notice, which is a violation of the Telephone Consumer Protection Act ("TCPA").[1] Defendants and Third-Party Defendant deny these allegations, but have agreed to settle to avoid the expense, burden, and uncertainty of further litigation.

**WHO IS INCLUDED:**  Defendants' records show that you were sent one or more faxes on or about December 3, 2013 promoting their goods and may be included in the Settlement.

The Court certified a "Settlement Class" of: all persons who, between October 23, 2012 and October 23, 2016, were sent faxes from Macoven or Pernix promoting goods or services for sale, which did not contain an opt-out notice.

The Court has appointed Daniel A. Edelman and Dulijaza (Julie) Clark of Edelman, Combs, Latturner, & Goodwin, LLC as well as Andrew Thomasson and Philip D. Stern of Stern•Thomasson, LLP to represent the Settlement Class as Class Counsel.

**THE PROPOSED SETTLEMENT:**  Defendants and Third-Party Defendant have agreed to create a $1,200,000.00 Settlement Fund which will be used to pay notice and administrative expenses (in an amount not to exceed $75,000.00), an incentive award to Medicine to Go Pharmacies, Inc. (in an amount not to exceed $25,000.00), and attorneys' fees (in an amount not to exceed 1/3 of the Settlement Fund).

Following those deductions, each Class Member who submits a valid claim will receive an equal *pro rata* share of the Net Settlement Fund, up to the amount of $1,500 per Class Member. Your share of the Net Settlement Fund depends on how many Settlement Class members submit Claim Forms. This notice is being sent to approximately 18,852 Settlement Class members who were sent one fax.  If funds remain in the Settlement Fund following that first distribution, a second distribution will be made to all Settlement Class members who cashed the payment check, provided that *pro rata* distribution exceeds $10.00 per Settlement Class member.

**YOUR LEGAL RIGHTS AND OPTIONS:**

**(1) Submit a Claim Form**. You must complete and submit the attached Claim Form by ---------------------------, 2018  to receive a payment. The value of each individual settlement payment cannot be determined until the Claims Deadline has passed and all claims have been verified. If you are not a corporation and your payment exceeds $599.99 you may be sent and be required to complete and submit a W-9. If you would prefer not to submit a W-9, you can agree to limit your claim to $599.99. If you do not submit a W-9, your claim will automatically be limited to $599.99.

**(2) Exclude Yourself.** If you do not wish to participate in the Settlement you may exclude yourself from it by -------------------------, 2018  by sending a letter (via U.S. Mail) to the Settlement Administrator, *Medicine to Go Pharmacies, Inc. v. Macoven Pharmaceuticals, LLC, et. al.* **[INSERT NAME AND ADDRESS OF CLAIMS ADMINISTRATOR].** Your Notice of Exclusion must state your name or your company's name, address, the fax number to which you were sent the fax, the case name and number, and a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." If you exclude yourself from the Settlement you will not receive a payment but you retain your right to sue regarding these claims.

**(3) Object.** If you do not exclude yourself, you can file an objection, either on your own or through an attorney, explaining why you think the Court should not approve the settlement. The objection must be mailed by --------------------------, 2018. **Full details on how to object can be found in the detailed notice available at [INSERT WEBSITE].**

**(4) Do Nothing.** If you do nothing you will not receive a monetary recovery, but you will be bound by the Settlement Agreement.

**WHAT AM I GIVING UP UNDER THE SETTLEMENT?** If the settlement becomes final, you will release the Defendants and Third-Party Defendant and their agents from any claims you may have relating in any way to any unsolicited advertising faxes Defendants sent to you during the class period which relate to Defendants' goods and services on or about December 3, 2013. The Released Claims are fully explained in the Settlement Agreement, available at **[INSERT WEBSITE OF CLAIMS ADMINISTRATOR].**

**FINAL APPROVAL HEARING:**  The Court has scheduled a Final Approval Hearing before Magistrate Judge Mark Falk on -------------------------, 2018 at             a.m. in Courtroom XXX of the U.S. District Courthouse for the District of NJ at the Martin Luther King Building & Courthouse, 50 Walnut St., Newark, NJ, 07101. You or your attorney may attend this hearing at your own expense, but you don't have to.  The

---

[1]  Defendants filed a Third-Party Complaint against Odyssey Services, Inc. ("Odyssey" or "Third-Party Defendant") seeking indemnification from Odyssey relating to a facsimile advertising campaign conducted on December 3, 2013 which was the subject of the Litigation.

motion for attorneys' fees and costs will be posted on the website after they are filed.

**MORE INFORMATION:** This is just a summary; more information is available at **[INSERT WEBSITE]**. If you have questions about this notice or the proposed settlement, you may contact Class Counsel.

**THE COURT AND THE DEFENDANTS <u>CANNOT</u> PROVIDE INFORMATION.**

# CLAIM FORM

*MEDICINE TO GO PHARMACIES INC. v. MACOVEN LLC, et. al.,*No. 2:16-cv-07717-MF

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE POSTMARKED ON OR BEFORE _____, 2018 TO THE FOLLOWING:**

| Mail to: | Fax to: | Go to: |
|---|---|---|
| | **(888)** | **[INSERT WEBSITE OF CLAIMS ADMINISTRATOR]** **USER NAME: 12345678** |
| | | **PASSWORD: hhhhhhh** |

IF YOU DO NOT SUBMIT A COMPLETED CLAIM FORM BY THE DATE INDICATED YOU WILL NOT RECEIVE A PAYMENT UNDER THIS SETTLEMENT. THE VALUE OF EACH INDIVIDUAL SETTLEMENT PAYMENT CANNOT BE DETERMINED UNTIL THE CLAIMS DEADLINE HAS PASSED AND WILL BE BASED ON THE TOTAL NUMBER OF CLAIMS RECEIVED.

**INSTRUCTIONS**:  You must provide all required information below and sign the claim form and submit online, by fax, or by mail.  You may be required to submit a W-9 form if the value of your claim exceeds $599.99.  If you are required to submit a W-9 form and do not do so, your recovery will be limited to $599.99.  *If you would prefer not to provide a W-9 form, you may limit your claim to $599.99 by checking this box:* [ ]

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBSCRIBED TO THE FAX LINE (a subscriber is the person or entity that maintained the account with the telecommunications company):

## Company Name

## Contact Name

| Last |
| First |

## Address:

| Line 1: |
| Line 2: |
| City/St/Zip |

## Day Time Phone (area code-number):

| Telephone |

## Fax Number (area code-number):

| Fax |

Verification:
I submit that the foregoing information is true and correct to the best of my knowledge, information, and belief.

X_____    Date: _____

    Signature                                                                                        12345678

_____
Print name and title

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS**

**ON FILE WITH THE CLASS ADMINISTRATOR.**

# EXHIBIT "2"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDICINE TO GO PHARMACIES, INC., on behalf of plaintiff and the class members defined herein,<br><br>        Plaintiff,<br><br>   *vs.*<br><br>MACOVEN PHARMACEUTICALS, LLC, PERNIX THERAPEUTICS HOLDINGS, INC. and JOHN DOES 1-10,<br><br>   Defendants/Third-Party Plaintiffs,<br><br>   *vs.*<br><br>ODYSSEY SERVICES, INC.,<br><br>     Third-Party Defendant. | Case No.: 2:16-cv-07717-MF<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

The Court, having considered Plaintiff's motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement (the "Agreement") between Plaintiff, Medicine To Go Pharmacies, Inc., individually, and as representative of the class of persons defined below (the "Settlement Class"), Defendants, Macoven Pharmaceuticals LLC ("Macoven") and Pernix Holdings, Inc. ("Pernix") ( "Defendants"), and Third-Party Defendant Odyssey Services, Inc. ("Odyssey").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes, the Court finds:

  A.  The Settlement Class is so numerous that joinder of all members is impracticable;

  B.  There are questions of law and fact common to the proposed Settlement Class;

  C.  The individual claims of Plaintiff are typical of the claims of the Settlement

Class;

D.      Plaintiff is an appropriate and adequate representative for the Settlement Class;

E.      The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F.      A class action is superior to other methods for fairly and efficiently settling this controversy;

G.      With respect to the appointment of Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Stern•Thomasson LLP, and Edelman, Combs, Latturner & Goodwin LLC have, and will continue to, fairly and adequately represent the interests of the Settlement Class;

H.      With respect to the proposed Agreement, after consideration of the Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.      and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.      Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a)      defines the "Settlement Class" as:

> All persons to whom Macoven Pharmaceuticals, LLC or Pernix Therapeutics Holdings, Inc. sent a facsimile promoting their goods or services for sale, between October 23, 2012 and October 23, 2016, without the recipient's consent or which did not contain an opt-out notice as described in 47 U.S.C. §227.

(b)     defines the "Class Claims" as those claims arising from Defendants' facsimiles, in the form of Exhibit A to Plaintiff's Complaint [Doc. 1], promoting their goods or services for sale which were sent without the receiving party's consent or did not contain an opt-out notice as described in 47 U.S.C. § 227;

(c)     appoints Plaintiff as the Class Representative;

(d)     appoints Plaintiff's counsel, Stern•Thomasson LLP, and Edelman, Combs, Latturner & Goodwin LLC as Class Counsel; and

(e)     appoints Heffler Claims Group LLC as the Settlement Administrator to administer notice to Class Members and the administer the Settlement.

2.     The Court approves the Parties' proposed Class Notice and Claim Form ("Notice") and directs that it be sent via fax to the last known facsimile number of each Class Member as shown in Defendants' business records. The Administrator will cause the Notice to be faxed to Class Members on or before _____, 2018 (28 days from the date of this Order) which shall include a website and toll-free IVR telephone number for Class Member inquiries and submission of claims. The Administrator shall make at least two attempts to transmit the Notice by fax to those numbers where the initial transmission failed. After a total of three unsuccessful attempts to transmit the notice to a Class Member, the Administrator shall mail the Notice to the Class Member via first class mail to an address it is able to ascertain based on information contained on the Fax List. The Administrator shall take reasonable steps to attempt to forward any Notices it mails to Class Members which are returned with a forwarding address.

3.     The Court finds that faxing of the Notice, and the Parties' Notice plan, is the only notice required and such notice satisfies the requirements of due process pursuant to the Federal

Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.  The Court additionally finds that transmittal of the Notice by facsimile is the best notice practicable under the circumstances and that such facsimile transmission does not and will not constitute a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4.      Class Members shall have until _____, **2018** (88 days from the date of this Order), to return a Claim Form, seek exclusion from, or object to, the proposed Settlement. Any Class Members desiring to exclude themselves from the action must serve copies of the request on the Administrator by that date.

5.      Any Class Members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, and serve copies of the objection on the Settlement Administrator. All objections must be in writing and personally signed by the Class Member and include: (1) the objector's name, address, and telephone number; (2) a sentence stating that to the best of his/her/its knowledge he/she/it is a member of the Settlement Class; (3) the name and number of the case: *Medicine to Go Pharmacies, Inc. v. Macoven Pharmaceuticals LLC*, *et al.*, Case No. 2:16-cv-07717-MF; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of any witnesses whom the objector may call to testify at the Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Fairness Hearing. The objection must indicate whether the Class Member and/or his, her, or its lawyer(s) intend to appear at the Final Fairness Hearing.  Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than

_____, **2018** (88 days from the date of this Order), and shall include the full caption

and case number of each previous class action case in which that lawyer(s) has represented an objector.

6.      To be effective, any request for exclusion or objection must be postmarked by **_____, 2018** (88 days from the date of this Order).

7.      If not already provided, Defendants shall provide the Court with proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) within 7 days of this Order.

8.      Not less than ten (10) days prior to the Final Approval Hearing, the Administrator will provide to the Parties a declaration attesting that Notice was disseminated in a manner consistent with the terms of this Agreement, or those otherwise required by the Court, which will be filed with the Court.

9.      A final hearing on the fairness, reasonableness, and adequacy of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on **_____, 2018**, at _____ __.m. (at least 105 days from the date of this Order).

**IT IS SO ORDERED:**


_____
HON. MARK FALK
United States Magistrate Judge for the District of New Jersey

Dated: