# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MEDICINE TO GO PHARMACIES, INC., on behalf of plaintiff and the class members defined herein,<br><br>               Plaintiff,<br><br>      *vs.*<br><br>MACOVEN PHARMACEUTICALS, LLC, PERNIX THERAPEUTICS HOLDINGS, INC. and JOHN DOES 1-10,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>      *vs.*<br><br>ODYSSEY SERVICES, INC.,<br><br>          Third-Party Defendant. | Case No.: 2:16-cv-07717-MF<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL** |

The Court having considered Plaintiff's Motion for Preliminary Approval of the Parties' Class Settlement Agreement between Plaintiff, Medicine To Go Pharmacies, Inc., individually, and as representative of the class of persons defined below (the "Settlement Class"), Defendants, Macoven Pharmaceuticals LLC ("Macoven") and Pernix Holdings, Inc. ("Pernix"), and Third-Party Defendant, Odyssey Services, Inc.

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes, the Court finds:

    A.    The Settlement Class is so numerous that joinder of all members is

impracticable;

B.     There are questions of law and fact common to the proposed Settlement Class;

C.     The individual claims of Plaintiff are typical of the claims of the Settlement Class;

D.     Plaintiff is an appropriate and adequate representative for the Settlement Class;

E.     The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F.     A class action is superior to other methods for fairly and efficiently settling this controversy;

G.     With respect to the appointment of Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Stern•Thomasson LLP and Edelman, Combs, Latturner & Goodwin LLC have, and will continue to, fairly and adequately represent the interests of the Settlement Class;

H.     With respect to the proposed Agreement, after consideration of the Agreement attached as Exhibit A to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed

settlement is fair, reasonable, and adequate;

I.      and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.      Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a

class action pursuant to Fed. R. Civ. P. 23(b)(3),(2) and, in accordance with Fed. R.

Civ. P. 23(c)(1)(B):

(a)     defines the "Settlement Class" as:

> All persons to whom Macoven Pharmaceuticals, LLC or Pernix Therapeutics Holdings, Inc. sent a facsimile promoting their goods or services for sale between October 23, 2012, and October 23, 2016, without the recipient's consent or which did not contain an opt-out notice as described in 47 U.S.C. §227.

(b)     defines the "Class Claims" as those claims arising under the Telephone

Consumer Protection Act, 47 U.S.C. §227, from Defendants'

transmission of the facsimile in the same form or substantially similar

form as Exhibit A to Plaintiff's Complaint [Doc. 1];

(c)     appoints Plaintiff as the Class Representative;

(d)     appoints Plaintiff's counsel, Stern•Thomasson LLP and Edelman,

Combs, Latturner & Goodwin LLC; and

(e)     appoints Heffler Claims Group LLC as the Settlement Administrator

("Administrator") to send notice to Class Members and administer the

Settlement.

2.      The Court approves the Parties' proposed Class Notice and Notice Plan as set forth in, and attached to, the Agreement.

3.      On or before *November 26* , **2018** (28 days from the date of this Order), the Administrator will cause the Class Notice to be sent to the facsimile numbers identified on the Fax List Defendants produced in discovery as follows:

(a)    If the initial transmission fails, the Administrator shall make at least two additional attempts to transmit the facsimile Notice and Claim Form.

(b)    After a total of three unsuccessful attempts to transmit the Notice and Claim Form by facsimile to a Class Member, the Administrator shall mail the Notice and Claim Form to the Class Member via first class mail to the address, if any, for the Class Member contained in the Fax List.

(c)    If the Fax List does not contain an address for the Class Member, the Administrator shall attempt to locate an address for that Class Member. The Administrator shall take reasonable steps to attempt to forward any notices it mails to Class Members which are returned with a forwarding address.

4.      The Administrator shall also create a Settlement Website that allows for electronic submission of Claim Forms and shall also post on the Settlement Website the Notice, Claim Form, Preliminary Approval Order, and the Agreement (excluding exhibits). The Administrator shall also establish a toll-free IVR

telephone number for receiving Class Member inquiries regarding the Settlement. Class Counsel or the Administrator shall, if requested, provide to any Class Member who contacts either of them a copy of the Notice and/or Claim Form.

5.      The Court finds that sending of the Class Notice, and the Parties' notice plan, is the only notice required and such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

6.      Class Members shall have until _January 25_ , **2019** (88 days from the date of this Order), to return a claim form, seek exclusion from, or object to, the Settlement ("Exclusion/Objection Deadline").

7.      Any Class Members desiring to exclude themselves from the Settlement must mail their request to the Administrator at the address provided in the Notice and postmarked or received by the Administrator no later than the Exclusion/Objection Deadline. All requests for exclusion must be in writing, personally signed by the Class Member, and include:

(a)     the name, address, and facsimile number(s) of the person or entity seeking exclusion; and

(b)     a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation."

8.      Any Class Members who wish to object to the Settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey and serve copies of the objection on the Administrator by the Exclusion/Objection Deadline. All objections must be in writing, personally signed by the Class Member, and include:

(a)    the objector's name, address, and telephone number;

(b)    a sentence stating that to the best of his/her/its knowledge he/she/it is a member of the Settlement Class;

(c)    the name and number of the case: *Medicine to Go Pharmacies, Inc. v. Macoven Pharmaceuticals LLC, et al.*, Case No. 2:16-cv-07717-MF;

(d)    the factual basis and legal grounds for the objection to the Settlement;

(e)    the identity of any witnesses whom the objector may call to testify at the Fairness Hearing;

(f)    copies of any exhibits the objector may seek to offer into evidence at the Fairness Hearing; and

(g)    must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing.  Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the Exclusion/Objection Deadline and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector.

9.      If not already provided, Defendants shall provide the Court with proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) within 7 days of this Order.

10.      A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on until _Febuary 21_ , **2019** at _10:00_ a .m. (1~~05 days from the date of this Order~~).

**IT IS SO ORDERED:**

_____
HON. MARK FALK
Magistrate Judge, United States District Court